The Honorable Gilbert Baker State Senator
17 Cooper Lane Conway, Arkansas 72034-7935
Dear Senator Baker:
This is my opinion on your questions:
 1. Is it permissible for a reserve sheriff's deputy, as defined by A.C.A. § [sic] et seq., to serve as a justice of the peace?
 2. Is it of any consequence that the reserve deputy program is a non-profit entity which does not acquire funding from county general, even though the reserve program is under the direction and control of the sheriff's office?
RESPONSE
In my opinion, a person may not serve concurrently as reserve deputy sheriff and justice of the peace regardless of how reserve deputies are paid.
Question 1 — Is it permissible for a reserve sheriff'sdeputy, as defined by A.C.A. § [sic] et seq., to serve as a justiceof the peace?
No codified Arkansas statute defines "reserve sheriff's deputy." I assume you are asking about a deputy county sheriff appointed as an "auxiliary law enforcement officer." See generally
A.C.A. §§ 12-9-301 to-308 (Repl. 2009), Op. Att'y Gen. 94-098. *Page 2 
A predecessor in this office opined that a person may not serve concurrently as justice of the peace and deputy sheriff. Op. Att'y Gen. 2002-097 (presumably full-time deputy), 2002-074 (part-time deputy) (copies attached). My predecessor concluded that the dual service would violate statutory and common law on conflicts of interest, and might violate similar constitutional law. Id. I agree with my predecessor's rationale and conclusions.
The applicable law not having changed since the 2002 opinions, the question becomes whether there is any relevant difference between a reserve deputy and the deputies my predecessor considered in 2002. In my view, there is not.
Notwithstanding that the sheriff appoints the deputy, "the power which is conferred upon the deputy is co-extensive with that of sheriff, and it is the exercise of that power which is prohibited" to a person serving as justice of the peace. StateBank v. Curran, 10 Ark. 142, 146 (1849) (emphasis added).[1]
The court called "untenable" a proposed distinction between the offices of sheriff and deputy sheriff for purposes of a constitutional provision like the current one, Ark. Const. art. 4, § 2, prohibiting concurrent service in two branches of government. Id. at 145-146.
Likewise untenable in my view would be an attempt to distinguish between a reserve deputy and any other deputy for this purpose. "An auxiliary law enforcement officer [has] the authority of a police officer . . . when [he or she] is performing an assigned duty and is under the direct supervision of a full-time certified law enforcement officer." A.C.A. § 12-9-303(a). It is true that when the statutory conditions (assigned duty and direct supervision) are not met, a reserve deputy has no more law enforcement authority than a private citizen.See A.C.A. § 12-9-303(b). But when met, there is no difference between reserve and other *Page 3 
deputies' authority to exercise full executive-branch law enforcement powers. Because "it is the exercise of [the] power [of one branch of government] which is prohibited" to a member of another branch, it is my view that it makes no difference that a reserve deputy is not always
authorized to exercise that power. Curran, 10 Ark. at 146.
In my opinion, then, under the laws cited and for the reasons explained here and in Op. Att'y Gen. 2002-097 and 2002-074, a person may not serve concurrently as justice of the peace and reserve deputy sheriff.
Question 2 — Is it of any consequence that the reserve deputyprogram is a non-profit entity which does not acquire funding fromcounty general, even though the reserve program is under thedirection and control of the sheriff's office?
Most of the conflict of interest rules discussed in the 2002 opinions prohibit mere service in two offices; neither the source nor even the fact of payment is relevant. See, e.g., A.C.A. § 14-14-502(c) (Supp. 2009) ("No person or collection of persons being one of these departments, legislative, executive, or judicial, shall exercise any power belonging to either of the others. . . ." (emphasis added)); Ark. Const. art. 4, § 2 (identical); Op. Att'y Gen. 2002-097 at 5 (in opinion discussing other laws under which compensation is relevant, payment not referred to in discussion of common law incompatibility doctrine prohibiting the dual service).
Similarly, a predecessor in this office opined that an unpaid reserve deputy is a member of the sheriff's office for purposes of a statute prohibiting a municipal court clerk from serving as a member of the sheriff's office. Op. Att'y Gen. 2000-259.
In my opinion, then, the facts stated in your second question are not relevant to whether or not a person may concurrently serve as justice of the peace and reserve deputy. *Page 4 
Assistant Attorney General J. M. Barker prepared this opinion, which I approve.
Sincerely,
DUSTIN McDANIEL Attorney General
DM:JMB/cyh
[1] Curran and the earlier case State v. Hutt,2 Ark. 282 (1839), holding that a person may not serve concurrently as justice of the peace and as deputy sheriff or sheriff, respectively, are not cited as primary authority on the principal question here because at the time of the decisions, justice of the peace was a judicial office. See Curran, 10 Ark. at 145. Justice of the peace later became an office of mostly legislative authority. See Ark. Const. amend. 55, §§ 1(a), 2(a); A.C.A. § 14-14-901 (Repl. 1998). In any event, there is no real doubt that sheriff, by contrast, remains an executive office.See Curran, 10 Ark. at 145; Ark. Const. art. 7, § 44; A.C.A. § 14-14-501(b)(2)(A)(ii) (Supp. 2009).